[Doc. No. 28]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE JEROME B. SIMANDLE

| | |
|---|---|
| ERIC WITHERSPOON, | |
|        Plaintiff, | |
|     v. | Civil No. 03-5462 (JBS) |
| KENNETH RIDINGER, et al., | |
|        Defendants. | |

## ORDER

This matter comes before the Court upon the motion of Plaintiff, Eric Witherspoon, seeking to impose sanctions upon Defendant Thomas Melfe pursuant to Fed.R.Civ.P. 37(b)(2) for failure to comply with the Court's Order to provide discovery.  The Court has considered the moving papers and the opposition thereto, and for the reasons set forth below and for good cause shown, the Court will grant in part and deny without prejudice in part Plaintiff's motion.

Plaintiff Eric Witherspoon[1] filed this action on November 14, 2003 alleging excessive force in violation of 42 U.S.C. § 1983, an unconstitutional policy within the Borough of Paulsboro of excessive and illegal force, and false imprisonment, assault and battery in violation of state law.  Plaintiff's claims arise from an incident at Plaintiff's home in which officers of the Paulsboro Police

---

1.  Eric Witherspoon and Alice Witherspoon jointly instituted the present action, but a stipulation of dismissal with prejudice by Alice Witherspoon was entered on June 17, 2005.

1

Department, named as Defendants in this litigation, allegedly kicked open Plaintiff's front door without a search warrant and arrested both Plaintiff and Alice Witherspoon. Complaint at ¶¶ 13, 19, 21, 25. During the course of the arrest, Defendants allegedly severely beat Plaintiff both in his home and upon his arrival at the police station. Id. at ¶¶ 18, 19, 22. Plaintiff alleges that he suffered severe injuries during the beating and that he subsequently required hospitalization resulting from the injuries. Id. at ¶¶ 23, 32. Plaintiff filed this action against the individual officers who allegedly effectuated the arrest as well as the Paulsboro Chief of Police, Kenneth Ridinger, and the Borough of Paulsboro.

Plaintiff has outlined in detail the many difficulties he has encountered in obtaining discovery from Defendant Thomas Melfe in this matter. Plaintiff's counsel asserts that Defendant Melfe has failed to answer interrogatories and requests for production of documents, has canceled his deposition, and has since failed to make himself available for deposition. See Declaration of Sharon A. King, Esquire, in Support of Motion for Sanctions (hereafter "King Decl.") at ¶ 4. Counsel for Plaintiff contends that Allan E. Richardson, Esquire, who represents Defendant Melfe on claims for compensatory damages, informed her that Defendant Melfe had not been cooperative in rescheduling the deposition despite Mr. Richardson's efforts to reschedule. Id. Upon Plaintiff's counsel's letter request, the Court conducted a telephone conference on February 2, 2005 pursuant to Local Civil Rule 37.1 in an effort to resolve the parties' discovery dispute. See Fifth Amended Scheduling Order

2

dated February 3, 2005.  The Court ordered Defendant Melfe to appear for deposition no later than March 11, 2005.  Id. at ¶ 1. Plaintiff's counsel asserts that despite the Court's Order, which Mr. Richardson purportedly confirmed was sent to Defendant Melfe, Defendant allegedly continued to be non-responsive.  King Decl. at ¶ 6.  Plaintiff has thus filed the present motion for sanctions. Plaintiff requests that the Court enter an Order that designated facts shall be taken to be established for the purposes of this action, and an Order precluding Defendant Melfe from supporting any separate defenses or from opposing any claims raised in the complaint.  Id. at ¶¶ 9, 10.

Defendants have opposed Plaintiff's motion on a number of grounds.  Mr. Richardson, opposing Plaintiff's motion on behalf of Defendant Melfe, acknowledges that Defendant Melfe has failed to cooperate in attending his deposition but states that Defendant Melfe has provided answers to Plaintiff's interrogatories, albeit after the present motion was filed.  See Brief on Behalf of Defendant Thomas C. Melfe in Opposition to Plaintiff's Motion for Sanctions Per Fed.R.Civ.P. 37(b)(2)(d) (hereafter "Def. Br.") at 2. Counsel argues that while Defendant Melfe has not complied with his discovery obligations, the sanctions sought by Plaintiff are too extreme for the transgression and Defendant's conduct may rather be addressed through less severe sanctions.  Id. at 5.  Finally, counsel argues that the sanctions sought by Plaintiff will unjustly harm other Defendants in this litigation who have been cooperative in providing discovery.  Id. at 6-7.  Defendant Melfe has also

3

submitted an affidavit in opposition to the motion in which he avers
that he had problems with his children and that he "did not wilfully
ignore the court's order to attend [his] deposition" but rather "put
[his] family first." See Affidavit of Defendant Thomas C. Melfe
(hereafter "Melfe Aff.") at ¶¶ 5, 9-10.  James R. Birchmeier,
Esquire, counsel for Defendants Borough of Paulsboro, Paulsboro
Police Department, and Chief Kenneth Ridinger, argues that the
relief sought by Plaintiff is drastic and far-reaching, and that a
party's failure to provide discovery should not relieve a plaintiff
of his or her burden to establish facts of record. See Letter Brief
dated June 29, 2005 in Opposition to Plaintiff's Motion for
Sanctions at 1.  Counsel further argues that the sanctions requested
by Plaintiff are "extremely prejudicial to the defense of [his]
clients" given that they "have no control over the acts or omissions
of Mr. Melfe in these proceedings." Id. at 2.

Fed.R.Civ.P. 37(b)(2) provides for non-compliance with
discovery orders.  The Rule provides in pertinent part:

> If a party . . . fails to obey an order to
> provide or permit discovery, . . . the court in
> which the action is pending may make such
> orders in regard to the failure as are just,
> and among others the following: . . . (A) An
> order that . . . designated facts shall be
> taken to be established for the purpose of the
> action in accordance with the claim of the
> party obtaining the order; (B) An order
> refusing to allow the disobedient party to
> support or oppose designated claims or
> defenses, or prohibiting that party from
> introducing designated matters in evidence[.]

Fed.R.Civ.P. 37(b)(2).

In the present motion, Plaintiff seeks an Order establishing

4

certain designated facts.  Plaintiffs' Brief in Support of Motion for Sanctions (hereafter "Pl. Br.") at 2-3.  Where a party seeks as a discovery sanction an order that certain material facts be deemed admitted, thereby resulting in a finding of liability against a non-compliant party, the Court must determine whether such sanction is warranted by the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).[2]  See Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986).  Moreover, with regard to the alternative sanction of precluding Defendant from supporting any separate defenses or opposing any claims in the complaint, the Court should apply "the same general analysis in reviewing all sanction orders which deprive a party of the right to proceed with or defend against a claim, using some or all of the six-part test enunciated" in Poulis.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990).

The Poulis factors that a Court balances in considering whether an ultimate sanction is warranted for failure to provide discovery pursuant to Rule 37 are as follows:

---

2.  The Third Circuit has also held that where key facts are deemed admitted but the sanction only shifts the burden of proof rather than "end[ing] the case," those cases involving dismissal of an action "are not automatically applicable to the sanction of deeming certain facts to be established."  Estate of Spear v. Comm'r of Internal Revenue Service, 41 F.3d 103, 110 (3d Cir. 1994).  Where a sanction is less harsh than dismissal and is more similar to shifting the burden of proof, the Court should rather consider the factors set forth in Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d Cir. 1977), although the Meyers factors are similar to those in Poulis.  Id. at 110-11.  Plaintiff does not argue that the facts sought to be deemed admitted will merely shift the burden of proof rather than result in a finding of liability against Defendant and has addressed the Poulis factors in connection with the sanctions sought here.

| | |
|---|---|
| (I) | the extent of the party's personal responsibility; |
| (ii) | the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; |
| (iii) | a history of dilatoriness; |
| (iv) | whether the conduct of the party or the attorney was willful or in bad faith; |
| (v) | the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and |
| (vi) | the meritoriousness of the claim or defense. |

Poulis, 747 F.2d at 868. In conformance with the Third Circuit's directives, this Court will weigh each of the six factors, mindful that Poulis "did not provide a magic formula" in which the decision to enter a default judgment "becomes a mechanical calculation." See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Moreover, the Court notes that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [such] cases." Poulis, 747 F.2d at 867-68 (citing Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747, 21 Fed. R. Serv. 2d 1027 (1976)).

The Court finds that Defendant Melfe is personally responsible for his failure to comply with his discovery obligations. It appears that the only discovery that Defendant Melfe has thus far provided is his answers to interrogatories, although they were not supplied until after this motion was filed. See Declaration of Allan E. Richardson, Esq. (hereafter "Richardson Decl.") at ¶ 3. Defendant Melfe has not submitted himself for deposition as required by the Court's Order. Moreover, Defendant Melfe states in his affidavit

that he is aware of this motion for sanctions for his discovery misconduct, and he does not assert that he failed to receive notice of the Court's Order requiring him to appear for his deposition. See Melfe Aff. at ¶¶ 2-3.  Defendant Melfe rather avers that he "put [his] family" obligations above his obligations to this litigation. Id. at ¶ 10.  Thus, it does not appear that this is a situation in which responsibility may be allocated between Defendant and his counsel.   The Court therefore finds that Defendant Melfe is personally responsible for his failure to attend a deposition by the date ordered by the Court.

As to prejudice, Plaintiff argues that Defendant Melfe directed the activities in Plaintiff's home that underlie this lawsuit and is the officer who actually arrested Plaintiff, that he has "substantial information" relevant to this case, and that his failure to participate in discovery has hampered Plaintiff's ability to present his claims.  Pl. Br. at 5.  Plaintiff also argues in his reply brief that he has already obtained an expert report "without the benefit of Defendant Melfe's deposition" and has provided this report to defense counsel.  See Brief in Response to Defendant's Opposition to Plaintiff's Motion for Sanction (hereafter "Pl. Reply Br.") at 3.  In this regard, Plaintiff argues that Defendant Melfe now offers his deposition "[a]rmed with the information contained in report[.]"   In determining prejudice, the Court should look to whether the party's conduct has resulted in "extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party." Huertas v. City of

Philadelphia, No. Civ. A. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005). A party may also be prejudiced if "a party's ability to prepare effectively a full and complete trial strategy" is impeded. Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); see also Blue Ridge Ins. Co. v. Sears & Roebuck Co., No. Civ. A. 98-5177, 1999 WL 1066967, at *1 (E.D. Pa. Nov. 23, 1999)("The inability during the allotted discovery period to obtain basic information from a plaintiff regarding his claim is obviously prejudicial to a defendant in his attempt to defend against and obtain a prompt resolution of a lawsuit."). Here, clearly Plaintiff establishes prejudice if he is unable to obtain the information necessary to support his allegations against Defendant. However, although Defendant Melfe has been uncooperative in supplying discovery thus far, Defendant Melfe asserts that he is now ready to proceed with this litigation and has in fact provided answers to Plaintiff's interrogatories. Any prejudice with regard to Plaintiff's inability to depose Defendant Melfe may be cured by compelling Defendant to attend the deposition and extending the discovery deadlines. The Court notes that Plaintiff also contends that he has provided an expert report to defense counsel, but the service of the report does not in itself demonstrate that Defendant Melfe's sworn deposition testimony would be altered. Thus, the Court finds that the prejudice suffered by Plaintiff, while supporting the imposition of sanctions, does not at this time warrant the extreme sanctions sought here.

As to the third factor, there has been delay with regard to

Defendant's deposition, and the Court notes that a pattern of dilatoriness has been established. Defendant in fact concedes that "[t]here is no question that Defendant Melfe did not cooperate in discovery until recently." Def. Br. at 5. As noted supra, counsel for Defendant Melfe represents that answers to interrogatories were not sent to Plaintiff until June 17, 2005, after the present motion for sanctions was filed. In addition, Plaintiff states, and Defendant Melfe does not dispute, that Defendant Melfe canceled his deposition and failed to cooperate in rescheduling the deposition despite the Court's Order requiring that the deposition go forward no later than March 11, 2005. See Pl. Br. at 2-3. The Third Circuit in Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994), noted that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" Adams, 29 F.3d at 874 (citing Poulis, 747 F.2d at 868). Here, Defendant's previous failures to submit for deposition, coupled with his failure to comply with the Court's Order requiring him to appear no later than March 11, 2005, establishes a pattern of dilatoriness and, should Defendant fail to appear for deposition one more time, would constitute extensive and repeated delay weighing in favor of striking the answer under Poulis.

The fourth factor required by Poulis is whether Plaintiff's conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Defendant asserts in his affidavit that he knowingly chose his family obligations over his obligations to this litigation. The

9

Court thus finds that Defendant Melfe willfully disregarded his duty to respond to discovery requests.

Under Poulis, the Court is also to consider whether alternative sanctions are available.  In this regard, Defendant asserts that other sanctions, including requiring Defendant Melfe to pay Plaintiff's fees in filing this motion, are available. Def. Br. at 5.  Plaintiff acknowledges that a monetary sanction will redress the financial detriment incurred as a result of Defendant Melfe's dilatory conduct but will not remedy the alleged prejudice suffered by Plaintiff purportedly resulting from Defendant Melfe's review of Plaintiff's expert report. Pl. Reply Br. at 4.  However, as noted supra, service of the report does not in itself demonstrate that Defendant Melfe's sworn deposition testimony would be altered, and Plaintiff cites no authority to support a finding otherwise. Finally, the Court notes that Defendant Melfe states that he is willing to proceed with his deposition at this time and has supplied answers to interrogatories.  The Third Circuit has stated that an ultimate sanction may only be imposed as a last resort.  See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 922 (3d Cir. 1992).  In this regard, the Court finds that monetary sanctions as set forth below are the appropriate sanction for Defendant's discovery misconduct.

As to the meritoriousness factor, the appropriate standard is whether "the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70.  "[U]nless the

10

pleading assert[s] a dispositive defense (or claim), the issue of meritoriousness would be neutral." Hoxworth, 980 F.2d at 922 (citing Curtis T. Bedwell & Sons, Inc. v. Internat'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988)). The Third Circuit has declined "to require the district court to have a mini-trial before it can impose a default." Id. "This factor is of limited practical utility in assessing a claim for if a claim as alleged lacks merit, it would likely be subject to dismissal under Rule 12(b)(6) without the need to weigh other factors." Broomes v. Schmidt, No. Civ. A. 95-4845, 1996 WL 724034, at *3 (E.D. Pa. Dec. 13, 1996). Here, the Court finds that the issue of meritoriousness is neutral.

Poulis requires the Court only to balance the six factors and does not set one factor forth as determinative. See Poulis, 747 F.2d at 868-70. In light of the Third Circuit's constraint on extreme sanctions "absent the most egregious circumstances," see United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003)(citing Poulis, 747 F.2d at 867-68), the Court does not find at this time that the sanctions requested by Plaintiff are warranted. Rather, as indicated above, there are other lesser sanctions that may be imposed as a result of Defendant Melfe's conduct. Therefore, having reviewed the submissions, the Court will impose as sanctions for Defendant Melfe's failure to appear for deposition as previously ordered by the Court the following: the Court shall award Plaintiff the reasonable attorney's fees incurred

11

in the filing of this motion.[3]   Moreover, Defendant Melfe shall
appear for deposition on a date and time convenient to Plaintiff no
later than August 30, 2005.   In so finding, the Court notes that
Defendant Melfe's failure to comply with his discovery obligations
does not appear to be the fault of defense counsel, who apparently
has attempted to contact Defendant in connection with his appearance
at a deposition.   "Under Rule 37, an attorney may only be sanctioned
for personally violating a discovery order or for advising a client
to do so."   Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.,
339 F.3d 180, 185 (3d Cir. 2003).   Because the record before this
Court does not support a finding of misconduct by defense counsel,
Defendant Melfe alone shall be responsible for the sanctions imposed
herein.   The Court notes that Plaintiff's counsel has submitted with
Plaintiff's reply brief a certification setting forth the attorney's
fees incurred as a result of this motion.   See Certification of
Attorney Services at ¶¶ 4, 5.   Defendant shall be permitted to
respond as set forth below to the issue of reasonableness of the
fees.

        THEREFORE,

        IT IS on this 20th day of July, 2005,

        **ORDERED** that Plaintiff's motion for sanctions shall be, and

---

3.   The Court notes that in his reply brief, Plaintiff requests
that the Court award the payment of court reporting expenses for
Defendant Melfe's deposition.   See Pl. Reply Br. at 6.   The Court
rejects Plaintiff's request, as that expense would have been
incurred had Defendant Melfe timely appeared for his deposition.
Moreover, the Court will not impose at this time any costs that
may be incurred by Plaintiff to amend the expert report.   In the
event Defendant Melfe fails to appear at the next scheduled
deposition, Plaintiff may make another motion.

hereby is, **GRANTED in part** as to reasonable attorney's fees and costs in connection with the filing of this motion and **DENIED in part without prejudice** as to the other sanctions requested by Plaintiff, with the right to re-file in the event Defendant fails to appear for his deposition; and it is further

**ORDERED** that Defendant shall make himself available for deposition on a date and time convenient for Plaintiff no later than August 30, 2005; and it is further

**ORDERED** that Plaintiff shall be granted reasonable attorney's fees and expenses incurred in connection with the instant motion; and Defendant may provide a response on the issue of reasonableness of the fees and costs set forth in Plaintiff's counsel's certification no later than August 10, 2005.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle

13